### CODD *v.* WAYNE CIRCUIT JUDGE.

MORTGAGE—FORECLOSURE—SUBSTITUTION OF PARTIES.

Under Chancery Rule No. 125, providing for the substitution of the assignee of a chose in action as complainant in a chancery suit instituted by his assignor prior to the assignment, a junior mortgagee, on paying to the prior mortgagee the amount of the decree obtained by him in a suit to foreclose his mortgage, is entitled to be substituted as complainant in such suit, although he was originally made a defendant therein, and although the decree has been enrolled.

*Mandamus* by George C. Codd and Henry Plass to compel William L. Carpenter, circuit judge of Wayne county, to vacate an order substituting the Wayne County Savings Bank as complainant in a suit in chancery. Submitted March 24, 1896. Writ denied March 31, 1896.

Chancery Rule No. 125 is as follows:

"Whenever the complainant in a chancery suit, wherein the right is, under existing rules of law and equity,

assignable, shall have transferred his interest in the subject-matter of the litigation, either voluntarily or by process of law, the suit shall not thereby be abated, but the transferee may present his petition to the court in which said suit is pending, setting up the fact of such transfer, and asking to be substituted as complainant in said suit. The facts, if they do not appear from the records of the court, shall be verified by the affidavit of the party or of some other person. If, at the hearing, it appear to the court that such transfer has been made, an order shall be made substituting the transferee as complainant in said suit, and said suit shall continue for the benefit of said transferee as though no transfer had been made," etc.

*Henry Plass*, for relators.

*Moores & Goff*, for respondent.

MOORE, J. James C. Macklin commenced proceedings in the Wayne circuit court, in chancery, to foreclose a mortgage made by Mary C. Seitz, and made the Wayne County Savings Bank and George C. Codd and Henry Plass defendants. The bank held a second mortgage on the property covered by the Macklin mortgage. Codd and Plass held title to the property covered by the mortgage, by virtue of an execution sale against Mary C. Seitz, made by the sheriff subsequent to the making of both of the above-named mortgages. A decree was rendered in favor of complainant, Macklin, and the proceedings were enrolled. The amount named in the decree drew 10 per cent. interest. February 19, 1896, more than three months after the property described in the mortgage could have been advertised for sale, the bank paid to Browse T. Prentis, solicitor for the complainant, Macklin, the amount of the decree and interest to date, and demanded an assignment of the bond and mortgage, the same not having been filed in the case, and also an assignment of the decree. The money was accepted by Prentis, but an assignment of the decree and bond and mortgage was refused. A petition was immediately filed by the bank, setting up the fact of the payment of

the decree, the demand for an assignment, and asking to be substituted as complainant in the foreclosure suit. The hearing of the petition was duly noticed, and answers were filed by Codd and Plass and Prentis. The case was heard by the circuit judge, who made the order of substitution prayed for in the petition, and, on granting said order, filed a written opinion, reading as follows:

"Under the authorities cited, the Wayne County Savings Bank is clearly the equitable assignee of the complainant. The only question is whether Rule No. 125 gives such equitable assignee the right to be substituted as complainant. I am unable to see any reason justifying me in saying that said rule does not apply to equitable as well as other assignees. Clearly, the complainant has transferred his interest in the subject-matter of the litigation, and the Wayne County Savings Bank has acquired it. That disposes of the case. I am unable to see how the rights of the defendants are in any way prejudiced. There is a decree ordering the property to be sold. Whether that decree is enforced by the complainant or by the Wayne County Savings Bank could make no difference to them. It is urged that they are prejudiced by reason of the fact that they do not know how much of the surplus will be taken by the second mortgage, viz., the mortgage heretofore held by the Wayne County Savings Bank. Of this they can readily inform themselves, and, moreover, that is a question which will be adjudicated on the application respecting the surplus. The motion must therefore be granted."

The relators ask this court to set aside the order made by the circuit judge.

We think this case is one coming within the provisions of Chancery Rule No. 125, and that the order made by Judge Carpenter should stand.

The writ is denied.

The other Justices concurred.